Covenant on the following instrument executed by the defendant and delivered to the plaintiff, to wit: "I agree to pay John M. Ingram five hundred and twenty-four dollars, being the amount paid by the said Ingram as the security of Robert Ingram, deceased, as constable, on condition the sale of the house and lots in the town of Charlotte, made this day and purchased by me, proves, on a controversy with the purchaser at a sale made formerly by the executors to be good; and on condition that the executor had no right in future to make a sale, so as to defeat the purchase made this day by me, at Sheriff's sale; the above sum to be paid as soon as the question settled."
The plea, "covenants not broken." It appeared that Robert (566) Sloan, the late husband of the defendant, made his will and appointed John Sloan his executor. He proved the will and qualified. The testator, by his said will, gave his executor a naked
power, to sell three lots of land, lying in Charlotte, and then to divide the purchase money among his wife and children. The executor, by virtue of his power, sold the three lots to Hiram Sloan. Afterwards, to wit, on 27 November, 1833, the sheriff sold the said lots, and executed to the defendant, as the highest bidder, the instrument in nature of a deed, mentioned in the case — in which is recited, "that an execution for $225, issued from Mecklenburg County Court against the heirs at law of Robert Sloan, which debt was recovered by Durham Combs and others against the said heirs, as on record may appear; that he (the sheriff) sold the said three lots on 25 January, 1832, at which time Margaret G. Sloan became the best bidder," etc. On 28 January, 1833, the defendant executed to the plaintiff the covenant now sued on; this action was brought on 28 July, 1840, and the defendant has been in possession of the lots, holding them adversely to the vendee of the executor, ever since her purchase at the sheriff's sale. On the trial, the defendant objected to a recovery against her, first, because the plaintiff did not produce the judgment and execution against the heirs of Robert Sloan, under which she purchased the land; and to support the sheriff's sale to her. The judge was of opinion *Page 397 
that the defendant, in making her covenant, took for granted that all the proceedings to support the sheriff's sale were regular, and that she conditioned and restricted herself only to a defect in her own title by reason of the sale to Hiram Sloan, then already made by the executor, or which he should thereafter make to any one, under the power in the will. And if a defect existed, she should show it. It was also in evidence that the defendant had had, under her deed from the sheriff, seven years' actual possession, adverse to the alienee of the executor.
The jury under the charge of the court, found a verdict for the plaintiff, and, judgment being rendered accordingly, the (567) defendant appealed to the Supreme Court.
We think that the opinion of his Honor was correct, for the defendant conditioned against nothing else in the covenant but the acts of the executor under the power in the will. And, as the power given by the testator to his executor was to sell and convert the lots into money for the benefit of his wife and children, such a sale for mere volunteers was void by force of the statute of fraudulent devises, as to the creditors of the testator, under whom the defendant claimed. The deed, which the sheriff gave her shortly after the purchase at his sale, being defective, does not prevent her from applying now for a good deed from the old sheriff if alive, or the present sheriff, in case the old sheriff be dead, or is out of the State. (569) Laws 1799, ch. 538. We think that the judgment must be affirmed.
PER CURIAM. No error.